**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTHUR MATUS,<br><br>              Plaintiff,<br><br>     vs.<br><br>SGT. RICHARD MANFREDI, JR.,<br>et al.,<br><br>              Defendants.<br>_____/ | CASE NO. CV F 05-1384 AWI LJO<br><br>**ORDER ON PLAINTIFF'S REQUEST TO FILE A FIRST AMENDED COMPLAINT**<br>(Doc. 36.) |

Plaintiff Arthur Matus ("plaintiff") is incarcerated and proceeds pro se in this excessive force action against defendants Fresno Police Officers Paul Van Dalen ("Officer Van Dalen") and Richard Manfredi, Jr. ("Officer Manfredi"). On August 14, 2006, plaintiff filed his request to file a first amended complaint to seek apparently to add unspecified claims. Plaintiff provides neither a proposed first amended complaint nor explanation of additional claims.

F.R.Civ.P. 15(a) provides that after service of a responsive pleading, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996).

In addressing pleading amendments, the United States Supreme Court has explained:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject

1

of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984).

Plaintiff offers nothing to address factors for amendment. Plaintiff seeks a blanket amendment without specifying the content of a contemplated amended complaint. This Court is not is a position to grant plaintiff such broad relief. This Court DENIES plaintiff's August 14, 2006 request to file a first amended complaint.

IT IS SO ORDERED.

**Dated:   August 16, 2006**             /s/ Lawrence J. O'Neill
66h44d                                           UNITED STATES MAGISTRATE JUDGE