IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR MATUS, | CASE NO. CV F 05-1384 AWI LJO |
|---|---|
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR TERMINATING DISCOVERY SANCTION** |
| vs. | (Doc. 35.) |
| SGT. RICHARD MANFREDI, JR., et al., | |
| Defendants. / | |

## INTRODUCTION

In this excessive force action, defendants Fresno Police Department Sergeant Michael Manfredi ("Sgt. Manfredi") and Fresno Police Department officer Paul Van Dalen ("Officer Van Dalen") seek a terminating sanction[1] for plaintiff Arthur Matus' ("plaintiff's") disobedience of this Court's order to provide discovery responses. Plaintiff filed no timely papers to oppose defendants' discovery sanction motion. This Court considered defendants' discovery sanction motion on the record, pursuant to this Court's Local Rule 78-230(c) and (m). For the reasons discussed below, this Court GRANTS defendants' discovery sanction motion to dismiss this action with prejudice for plaintiff's failure to comply with this Court's order to provide discovery responses.

---

[1] Although Sgt. Manfredi and Officer Van Dalen (collectively "defendants") styled their motion as seeking default judgment, this Court construes defendants' papers to seek to dismiss plaintiff's action as a discovery sanction.

1

# BACKGROUND

On November 2, 2005, plaintiff filed his complaint to allege excessive force claims against defendants arising out of his July 22, 2005 arrest. In response to defendants' motion to dismiss, this Court's April 19, 2006 order concluded: "In all further proceedings in this action, plaintiff's claim alleging excessive force during his arrest will be construed and resolved as a claim of excessive force in violation of the Fourth Amendment." On May 24, 2006, defendants each served plaintiff with a set of interrogatories to seek information to support plaintiff's claims and alleged damages and basic information regarding plaintiff. Sgt. Manfredi also served document requests to seek documents to support plaintiff's claims and alleged damages. Plaintiff responded to the interrogatories and document requests with meritless objections and references to his complaint although defendants' discovery sought information easily available to and known by plaintiff.

This Court's July 17, 2006 order ("July 17 order") compelled plaintiff to:

1. SERVE complete, straightforward responses to Officers Van Dalen and Manfredi's respective first sets of interrogatories; and

2. SERVE complete, straightforward responses to Officer Manfredi's first set of document requests and to produce to defense counsel all documents and things in plaintiff's possession, custody and control and subject to the document requests.

The July 17 order admonished plaintiff that "**failure to comply with this order and with plaintiff's discovery obligations may result in a defense motion and/or this Court's order to dismiss this action.**" (Bold in original.)

On August 7, 2006, defendants filed their papers for a discovery sanction based on plaintiff's failure to provide further discovery responses to comply with the July 17 order. Plaintiff filed no timely opposition papers.

# DISCUSSION

## Discovery Sanctions

Under F.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

1. Designate facts as established;
2. Refuse to allow the disobedient party to support or oppose designated claims;
3. Prohibit the disobedient party from introducing designated matters in evidence;
4. Strike out pleadings or parts thereof;
5. Stay further proceedings until an order is obeyed;
6. Dismiss an action, proceeding or any part thereof; or
7. Render judgment by default against the disobedient party.

F.R.Civ.P. 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

Although the central factor to a F.R.Civ.P. 37(b)(2) sanction is "justice," *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999), the sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099 (1982). The Ninth Circuit Court of Appeals has explained the need for F.R.Civ.P. 37(b)(2) sanctions:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties*, 577 F.2d at 647. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993);

1 *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad*, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. *Valley Engineers*, 158 F.3d at 1056.

In *National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778, the United States Supreme Court explained the rationale for severe F.R.Civ.P. 37(b)(2) sanctions:

> . . . as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.

Nonetheless, sanctions which interfere with "a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591.

Dismissal and default judgment are authorized only in "extreme circumstances." *See Fjelstad*, 762 F.2d at 1338. "So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988). Terminating sanctions are appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995). To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Valley Engineers*, 158 F.3d at 1057; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry,* 983 F.2d at 948; *Kahaluu Constr.*, 857 F.2d at 603; *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less

4

drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers,* 158 F.3d at 1057 (quoting *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Prejudice arises when the ability to go to trial of the party seeking F.R.Civ.P. 37(b)(2) sanctions is impaired. *Adriana International*, 913 F.2d at 1412. "Failure to produce documents as ordered, however, is considered sufficient prejudice. . . . [C]ontinuing refusal to comply with court-ordered production of documents constitutes interference with the rightful decision of the case." *Adriana International*, 913 F.2d at 1412. However, delay alone does not warrant a terminating sanction. *See Kahaluu Constr.*, 857 F.2d at 604; *Mir v. Fosburg*, 706 F.2d 916, 919, n. 2 (9th Cir. 1983).

A three-part analysis determines whether a court "properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" *Adriana International*, 913 F.2d at 1412-1413. "But despite all this elaboration of factors, we have said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Engineers*, 158 F.3d at 1057.

With these standards in mind, this Court turns to defendants' requested dismissal based on plaintiffs' disobedience of the July 17 order.

The import of defendant's dismissal request is that plaintiff has failed to comply with the July 17 order to provide responses to defendants' simple interrogatories and document requests seeking information to support plaintiff's claims and alleged damages and basic information regarding plaintiff. Plaintiff has ignored the July 17 order and defendants' motion. The result is plaintiff's halting of the discovery process and blatant disregard of this Court's authority to prevent defendants to defend plaintiff's claims and prepare for trial. Plaintiff makes no attempt to demonstrate that responding to defendants' basic discovery is beyond his control. Plaintiff appears content to rest on his meritless objections and unsatisfactory responses. Plaintiff fails to substantiate continuing delay and obstruction to defendants' legitimate discovery. Plaintiff's inaction interferes with the rightful decision of this action.

The public policy factors enumerated above justify dismissal. Plaintiff's inaction continues to plague this Court and defendants and resolution of this action on the merits with unjustified delay. Plaintiff's obstruction has diverted this Court's attention from other matters and thwarted docket management. Defendants' prejudice continues with their inability to conduct discovery to seek resolution by dispositive motion or otherwise, especially given that defendants' discovery seeks basic information as to plaintiff's claims and alleged damages. Plaintiff has ignored the July 17 order's specific admonishment that "**failure to comply with this order and with plaintiff's discovery obligations may result in a defense motion and/or this Court's order to dismiss this action.**" (Bold in original.) Such admonishment mitigates the policy of disposition of cases on their merits. In light of plaintiff's failure to divulge basic information at his disposal, less drastic sanctions would serve no purpose other than delay and further prejudice to defendants. As noted by defendants, "there is no indication that plaintiff will actually prosecute this case." Plaintiff controls whether he will provide meaningful responses to defendants' basic discovery. He has chosen not to participate in defendants' legitimate discovery and must face the consequences.

### F.R.Civ.P. 41(b) Dismissal

Alternatively, defendants seek dismissal under F.R.Civ.P. 41(b) which provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

A district court has inherent power to control its docket and may impose sanctions, including when appropriate, default or dismissal. *Thompson*, 782 F.2d at 831. Dismissal is appropriate for failure to comply with pretrial procedures mandated by local rules and court orders. *Thompson*, 782 F.2d at 831. In addressing dismissal, a district court needs to weigh factors addressed above, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Thompson*, 782 F.2d at 831. A district judge should consider less drastic alternatives to a F.R.Civ.P. 41(b) dismissal but "need not exhaust them all before finally dismissing a case." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971)).

F.R.Civ.P. 41(b) further bolsters dismissal of plaintiff's action given his disobedience of the July 17 order and failure to participate in discovery and in turn, to pursue this action, including a timely opposition to defendants' motion.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS defendants' discovery sanction motion to dismiss this action with prejudice for plaintiffs' failure to comply with the July 17 order to provide discovery responses; and

2. DIRECTS this Court's clerk to enter judgment in favor of defendants Richard Manfredi, Jr. and Paul Van Dalen and against plaintiff Arthur Matus.

IT IS SO ORDERED.

**Dated:   August 31, 2006**                    **/s/ Lawrence J. O'Neill**
66h44d                                          UNITED STATES MAGISTRATE JUDGE